IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| NERISSA GASKINS | : | 1:06CR 200 -1 |
| STEPHANIE RENE POWERS | : | 1:06CR 200 -2 |
| ALFRED ANTONIO MCCANDIES | : | 1:06CR 200 -3 |
| TIA DONELLE SHORE-STOKES | : | 1:06CR 200 -4 |

The Grand Jury charges:

COUNT ONE

1.  At all times herein material:

A.  General Electric Consumer Finance Company, Inc., (hereinafter, "GE Finance") was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, that operated in and engaged in activities affecting interstate commerce. The headquarters of GE Finance was in Stamford, Connecticut.

B.  The term "access device" included any account number, or other means of account access, that could be used, alone or in conjunction with another access device, to obtain money or any other thing of value or that could be used to initiate a transfer of funds.

C.  Federal banking laws, Title 31, United States Code, Section 5313, and the regulations promulgated thereunder, required a banking institution to complete a Currency Transaction Report ("CTR") with respect to certain financial transactions in which

over ten thousand dollars in currency, that is, cash, was issued to or deposited by a banking customer. A copy of each such CTR was to be submitted to the United States Department of the Treasury by the banking institution.

2. Before May, 2005, Concord Servicing Corporation, (hereinafter, "Concord Servicing"), in Scottsdale, Arizona, was contracted to process loans for GE Finance, and handled the details of loan origination, billing, payment processing, customer service and delinquency collections for GE Finance. In May, 2005, GE Finance and Concord Servicing terminated the loan servicing contract. Although the contract had ended, credit data relating to the customers of GE Finance was not deleted from Concord Servicing's computers. Beginning June, 2005, telephone inquires regarding GE Finance consumer loans were routed to Albuquerque, New Mexico, to be processed in-house by a GE Finance Customer Service Center.

3. Defendant NERISSA GASKINS was a temporary employee of Concord Servicing in Scottsdale, Arizona, and was able to gain access to the GE Finance customer data remaining on the computers of Concord Servicing after the termination of the servicing contract. Defendants STEPHANIE RENE POWERS, ALFRED ANTONIO MCCANDIES, and TIA DONELLE SHORE-STOKES were residents of Winston-Salem, North Carolina.

Case 1:06-cr-00200-WO   Document 1   Filed 05/31/06   Page 2 of 37

4. During the period from on or about June 6, 2005, to on or about January 6, 2006, the exact dates to the Grand Jurors unknown, in Winston-Salem, in the County of Forsyth, in the State and Middle District of North Carolina, the District of Arizona, the District of New Mexico, and elsewhere,

> NERISSA GASKINS,
> STEPHANIE RENE POWERS,
> ALFRED ANTONIO MCCANDIES, and
> TIA DONELLE SHORE-STOKES,

defendants herein, and with divers other persons to the Grand Jurors both known and unknown, did knowingly, wilfully, and unlawfully combine, conspire, confederate and agree together and with each other to commit various offenses against the laws of the United States, that is:

A. To use and cause to be used wire communications (for example, telephone calls and bank wire transfers) sent in interstate commerce, for the purpose of implementing, executing, and completing a scheme or artifice to defraud GE Finance or for obtaining the money of GE Finance by means of false or fraudulent pretenses, representations or promises, by falsely impersonating individuals with existing credit lines with GE Finance, inducing GE Finance to extend immediate additional credit and to wire transfer funds, that is, the proceeds of that credit, into bank accounts controlled by the conspirators, in violation of Title 18, United States Code, Section 1343; and

- 3 -

B. To knowingly and in relation to violations of the federal wire fraud statute, transfer, possess and use without lawful authority, means of identification of other persons, in violation of Title 18, United States Code, Section 1028(a)(7); and

C. To knowingly and with the intent to defraud effect transactions with more than one access device issued to another person in order to receive payment of over $ 1,000 during any one year period, in violation of Title 18, United States Code, Section 1029(a)(5); and

D. To structure currency transactions, that is, to knowingly conduct one or more transactions in currency, in any amount, on one or more days, in any manner, for the purpose of evading the currency reporting requirements under Title 31, United States Code, Section 5313(a).

5. It was the object of the conspiracy for the Defendants, NERISSA GASKINS, STEPHANIE RENE POWERS, ALFRED ANTONIO MCCANDIES, and TIA DONELLE SHORE-STOKES to enrich themselves by fraudulently obtaining funds belonging to GE Finance.

MANNER AND MEANS

6. The manner and means by which the conspiracy functioned is more particularly set forth as follows:

A. It was a part of the conspiracy that Defendant NERISSA GASKINS would and did access Concord Servicing's computers in Scottsdale, Arizona, and thereby obtain GE Finance customer

- 4 -

credit files data, including customer names, addresses, telephone numbers, account numbers, social security numbers and other means of account access and identification relating to GE Finance customers.

B.     It was a further part of the conspiracy that Defendant NERISSA GASKINS would and did make repeated calls to GE Finance, falsely impersonating various GE Finance customers, to inquire about the available line of credit on certain accounts, in order to determine whether an effort to obtain funds from those accounts through applications for bogus loans would be worthwhile.

C.     It was a further part of the conspiracy that during an interstate wire transmission, Defendant NERISSA GASKINS would and did divulge to Defendant STEPHANIE RENE POWERS the names of specific GE Finance customers, their account numbers, and other means of identification enabling account access, including addresses, telephone numbers, account numbers, and social security numbers, so that STEPHANIE RENE POWERS and the people she recruited to assist in the scheme, ALFRED ANTONIO MCCANDIES and TIA DONELLE SHORE-STOKES, could impersonate the true owners of the credit accounts, arrange loans over the telephone in the names of the true owners, and direct that the loan proceeds be wired to bank accounts under the custody and control of ALFRED ANTONIO MCCANDIES or TIA DONELLE SHORE-STOKES, in Winston-Salem, North Carolina.

D.    It was a further part of the conspiracy that the Defendants would and did transmit and receive by wire, that is, over interstate telephone lines and by e-mail, means of identification and access device information for the targeted accounts of certain customers of GE Finance.

E.    It was a further part of the conspiracy that the Defendants would and did make interstate telephone calls to fraudulently induce GE Finance to wire transfer funds from newly-generated loans into the bank accounts of the conspirators.

F.    It was a further part of the conspiracy that the Defendants NERISSA GASKINS, STEPHANIE RENE POWERS, and ALFRED ANTONIO MCCANDIES during the interstate telephone calls would and did impersonate legitimate, current GE Finance customers purporting to apply for immediate loans.

G.    It was a further part of the conspiracy that after the Defendants had misled GE Finance loan representatives as to their actual identities, the Defendants would and did request that the loan funds be wire-transferred to various North Carolina bank accounts under the control of the Defendants.

H.    It was a further part of the conspiracy that the Defendants would and did frequently request that the addresses and telephone numbers of the loan holders of the accounts from which they were seeking to procure money, as reflected in the GE Finance financial records, be changed so as to assure a period of delay

- 6 -

before the true account holders would receive notice of the fraudulent loans.

I. It was a further part of the conspiracy that the Defendants would and did establish and use bank accounts at financial institutions with branch offices in Winston-Salem, North Carolina, including Allegacy Federal Credit Union, Bank of America, and SunTrust, and direct that the proceeds of the loans they had fraudulently obtained from GE Finance be wire-transferred into those bank accounts.

J. It was a further part of the conspiracy that beginning on the day the proceeds of the loans were deposited into the bank accounts of the Defendants, the Defendants would and did begin withdrawing the loan proceeds.

K. It was a further part of the conspiracy that Defendant ALFRED ANTONIO MCCANDIES would and did generally structure his cash withdrawals of the funds wire-transferred into his bank accounts in Winston-Salem, by taking no more than $ 10,000 during any one transaction in order to avoid a written notice of the transaction being sent to the United States government in a "Currency Transaction Report" (CTR).

L. It was a further part of the conspiracy that the conspirators would and did split the proceeds of the loans, with each participant in a given transaction getting a share.

- 7 -

M. It was a further part of the conspiracy that over the course of seven months, the Defendants defrauded and attempted to defraud GE Finance of approximately $ 330,000 by taking over the accounts of at least 25 separate GE Finance customers.

## OVERT ACTS

In furtherance of and to effect the objects of said conspiracy and to accomplish its purposes and objects thereof,

> NERISSA GASKINS,
> STEPHANIE RENE POWERS,
> ALFRED ANTONIO MCCANDIES, and
> TIA DONELLE SHORE-STOKES,

defendants herein, and divers other persons, both known and unknown to the Grand Jurors, did commit the following overt acts, among others, in the State and Middle District of North Carolina, and elsewhere:

1. On or about June 13, 2005, in the District of Arizona, Defendant NERISSA GASKINS, while an employee of Concord Servicing, accessed Concord Servicing's computers to retrieve means of identification and other data allowing account access, which she used to select an account which would be taken-over in order to obtain an instant loan.

2. On or about June 13, 2005, Defendant NERISSA GASKINS contacted Defendant STEPHANIE RENE POWERS, by an interstate wire communication from the District of Arizona to the Middle District of North Carolina, to provide the customer identity and authentication information for the account of a GE Finance

- 8 -

customer, S. Martin, so that the account could be taken-over in order to obtain a bogus loan.

3. On or about June 13, 2005, a conspirator placed an interstate telephone call to the GE Finance Customer Service Center in the District of New Mexico from the Middle District of North Carolina to apply for a loan from the account of S. Martin, using the account verification data for that account.

4. On or about June 13, 2005, a conspirator requested GE Finance to wire $ 9,500, representing the proceeds of a new loan issued in the name of GE Finance customer S. Martin, for deposit into account number 118677 at Allegacy Federal Credit Union. That account was in the name of Defendant ALFRED ANTONIO MCCANDIES.

5. On or about June 15, 2005, in the Middle District of North Carolina, the Defendant ALFRED ANTONIO MCCANDIES made a cash withdrawal of $ 9,500, representing the full amount of a wire transfer from GE Finance deposited into Allegacy Federal Credit Union account number 118677 on that day.

6. On or about June 23, 2005, in the District of Arizona, Defendant NERISSA GASKINS accessed Concord Servicing's computers to retrieve data which she used to select an account which would be taken-over in order to obtain an instant loan.

7. On or about June 23, 2005, Defendant NERISSA GASKINS contacted Defendant STEPHANIE RENE POWERS, by an interstate wire communication from the District of Arizona to the Middle District

- 9 -

of North Carolina, to provide the customer identity and authentication information for the account of a GE Finance customer, T. Dalton, so that the account could be taken-over in order to obtain a bogus loan.

8.    On or about June 24, 2005, a conspirator placed an interstate telephone call to the District of New Mexico from the Middle District of North Carolina to apply for a loan using the account information of GE Finance customer T. Dalton.

9.    On or about June 24, 2005, a conspirator requested GE Finance to deposit $ 13,000, representing the proceeds of a new loan issued in the name of GE Finance customer T. Dalton, into account number 118677 at Allegacy Federal Credit Union.    That account was in the name of Defendant ALFRED ANTONIO MCCANDIES.

10.    Between June 28, 2005, and June 30, 2005, in the Middle District of North Carolina, the Defendant ALFRED ANTONIO MCCANDIES structured two cash withdrawals totaling $ 13,000, representing the full amount of a wire transfer from GE Finance deposited into Allegacy Federal Credit Union account number 118677 on June 28, 2005.

11.    On or about July 5, 2005, in the District of Arizona, Defendant NERISSA GASKINS accessed Concord Servicing's computers to retrieve data which she used to select an account which would be taken-over in order to obtain an instant loan.

12.    On or about July 6, 2005, Defendant NERISSA GASKINS contacted Defendant STEPHANIE RENE POWERS, by an interstate wire communication from the District of Arizona to the Middle District of North Carolina, to provide the customer identity and authentication information for the account of a GE Finance customer, M. McCann, so that the account could be taken-over in order to obtain a bogus loan.

13.    On or about July 6, 2005, a conspirator placed an interstate telephone call to the District of New Mexico from the Middle District of North Carolina to apply for a loan using the account authentication information of GE Finance customer M. McCann.

14.    On or about July 7, 2005, Defendant STEPHANIE RENE POWERS directed GE Finance employees to deposit $ 15,000, representing the proceeds of a new loan on the M. McCann account, into Bank of America account number 000655555146. That account was in the name of Defendant TIA DONELLE SHORE-STOKES.

15.    Between July 11, 2005, and July 14, 2005, in the Middle District of North Carolina, the Defendant TIA DONELLE SHORE-STOKES made two cash withdrawals totaling $ 15,000, representing the full amount of a wire transfer from GE Finance deposited into Bank of America account number 000655555146 on July 11, 2005.

16.    On or about July 12, 2005, in the District of Arizona, Defendant NERISSA GASKINS accessed Concord Servicing's computers to

- 11 -

retrieve data which she used to select an account which would be taken-over in order to obtain an instant loan.

17. On or about July 14, 2005, Defendant NERISSA GASKINS contacted Defendant STEPHANIE RENE POWERS, by an interstate wire communication from the District of Arizona to the Middle District of North Carolina, to provide the customer identity and authentication information for the account of a GE Finance customer, R. McCalden, so that the account could be taken-over in order to obtain a bogus loan.

18. On or about July 14, 2005, a conspirator placed an interstate telephone call to the District of New Mexico from the Middle District of North Carolina to apply for a loan using the account authentication information of GE Finance customer R. McCalden.

19. On or about July 14, 2005, Defendant ALFRED ANTONIO MCCANDIES made an interstate telephone call from the Middle District of North Carolina to GE Finance, in the District of New Mexico, to direct GE Finance to deposit $ 13,500, representing the proceeds of a new loan issued in the name of GE Finance customer R. McCalden, into SunTrust Bank account number 1000034750843. That account was in the name of Defendant ALFRED ANTONIO MCCANDIES.

20. Between July 18, 2005, and July 19, 2005, in the Middle District of North Carolina, the Defendant ALFRED ANTONIO MCCANDIES structured two cash withdrawals totaling $ 13,500, representing the

- 12 -

full amount of a wire transfer from GE Finance deposited into SunTrust Bank account number 1000034750843 on July 18, 2005.

21. On or about July 26, 2005, in the District of Arizona, Defendant NERISSA GASKINS accessed Concord Servicing's computers to retrieve data which she used to select an account which would be taken-over in order to obtain an instant loan.

22. On or about July 28, 2005, Defendant NERISSA GASKINS contacted Defendant STEPHANIE RENE POWERS, by an interstate wire communication from the District of Arizona to the Middle District of North Carolina, to provide the customer identity and authentication information for the account of a GE Finance customer, T. McConnell, so that the account could be taken-over in order to obtain a bogus loan.

23. On or about July 28, 2005, a conspirator placed an interstate telephone call to the District of New Mexico from the Middle District of North Carolina to apply for a loan using the account authentication information of GE Finance customer T. McConnell.

24. On or about July 28, 2005, Defendant ALFRED ANTONIO MCCANDIES made an interstate telephone call from the Middle District of North Carolina to GE Finance, in the District of New Mexico, to direct GE Finance to deposit $ 12,000, representing the proceeds of a new loan issued in the name of GE Finance customer T. McConnell, into SunTrust Bank account number 1000034750843. That

account was in the name of Defendant ALFRED ANTONIO MCCANDIES.

25.   Between August 1, 2005, and August 4, 2005, in the Middle District of North Carolina, the Defendant ALFRED ANTONIO MCCANDIES structured two cash withdrawals totaling $ 11,993, representing almost the full amount of a wire transfer from GE Finance deposited into SunTrust Bank account number 1000034750843 on August 1, 2005.

26.   On or about August 1, 2005, in the District of Arizona, Defendant NERISSA GASKINS accessed Concord Servicing's computers to retrieve data which she used to select an account which would be taken-over in order to obtain an instant loan.

27.   On or about August 2, 2005, Defendant NERISSA GASKINS contacted Defendant STEPHANIE RENE POWERS, by an interstate wire communication from the District of Arizona to the Middle District of North Carolina, to provide the customer identity and authentication information for the account of a GE Finance customer, E. Stokes, so that the account could be taken-over in order to obtain a bogus loan.

28.   On or about August 2, 2005, a conspirator placed an interstate telephone call to the District of New Mexico from the Middle District of North Carolina to apply for a loan using the account information of GE Finance customer E. Stokes.

29.   On or about August 2, 2005, a conspirator requested GE Finance to deposit $ 14,500, representing the proceeds of a new loan issued in the name of GE Finance customer E. Stokes, into Bank

of America account number 000655555146. That account was in the name of Defendant TIA DONELLE SHORE-STOKES.

30. Between August 4, 2005, and August 5, 2005, in the Middle District of North Carolina, the Defendant TIA DONELLE SHORE-STOKES made two cash withdrawals totaling $ 14,500, representing the full amount of a wire transfer from GE Finance deposited into Bank of America account number 000655555146 on August 4, 2005.

31. On or about August 19, 2005, in the District of Arizona, Defendant NERISSA GASKINS accessed Concord Servicing's computers to retrieve data which she used to select an account which would be taken-over in order to obtain an instant loan.

32. On or about September 20, 2005, Defendant NERISSA GASKINS contacted Defendant STEPHANIE RENE POWERS, by an interstate wire communication from the District of Arizona to the Middle District of North Carolina, to provide the customer identity and authentication information for the account of a GE Finance customer, G. MacDonald, so that the account could be taken-over in order to obtain a bogus loan.

33. On or about September 20, 2005, a conspirator placed an interstate telephone call to the District of New Mexico from the Middle District of North Carolina to apply for a loan using the account information of GE Finance customer G. MacDonald.

34. On or about September, 2005, a conspirator requested GE Finance to deposit $ 14,500, representing the proceeds of a new

- 15 -

loan issued in the name of GE Finance customer G. MacDonald, into Bank of America account number 002371517217. That account was in the name of Defendant ALFRED ANTONIO MCCANDIES.

35. Between September 22, 2005, and September 23, 2005, in the Middle District of North Carolina, the Defendant ALFRED ANTONIO MCCANDIES structured two cash withdrawals totaling $ 14,500, representing the full amount of a wire transfer from GE Finance deposited into Bank of America account number 002371517217 on August 22, 2005.

36. On or about September 21, 2005, in the District of Arizona, Defendant NERISSA GASKINS made telephone calls to GE Finance inquiring about the available credit line on six separate customer accounts, to select an account through which the conspirators should seek a bogus loan.

37. On or about November 4, 2005, in the District of Arizona, Defendant NERISSA GASKINS accessed Concord Servicing's computers to retrieve data which she used to select an account which would be taken-over in order to obtain an instant loan.

38. On or about November 4, 2005, in the District of Arizona, Defendant NERISSA GASKINS made telephone calls to GE Finance inquiring about the available credit line on a customer account in the name of J. McDaniel, to begin the process of taking over that account in order to obtain a bogus loan.

- 16 -

39. Sometime before November 7, 2005, Defendant NERISSA GASKINS contacted Defendant STEPHANIE RENE POWERS, by an interstate wire communication from the District of Arizona to the Middle District of North Carolina, to provide the customer identity and authentication information for the account of a GE Finance customer, J. McDaniel, so that the account could be taken-over in order to obtain a bogus loan.

40. On or about November 7, 2005, Defendant STEPHANIE RENE POWERS made an interstate telephone call from the Middle District of North Carolina to GE Finance, in the District of New Mexico to begin the process of taking over the GE Finance account of a legitimate GE Finance customer, J. McDaniel, in order to procure a bogus loan.

41. On or about November 8, 2005, Defendant STEPHANIE RENE POWERS made and caused to be made an interstate telephone call from the Middle District of North Carolina to GE Finance, in the District of New Mexico directing that $ 10,000, representing the proceeds of a new loan issued in the name of GE Finance customer J. McDaniel, be deposited by means of a wire transfer, into Bank of America account number 002371517217. That account was in the name of Defendant ALFRED ANTONIO MCCANDIES.

42. Between November 10, 2005, and November 17, 2005, in the Middle District of North Carolina, the Defendant ALFRED ANTONIO MCCANDIES structured two cash withdrawals from his account at Bank

- 17 -

of America, totaling $ 10,000, representing the full amount of a wire transfer from GE Finance deposited into Bank of America account number 002371517217 on November 10, 2005.

43. On or about November 9, 2005, in the District of Arizona, Defendant NERISSA GASKINS accessed Concord Servicing's computers to retrieve data which she used to select accounts which might be taken-over in order to obtain instant loans.

44. Between November 9, 2005 and November 11, 2005, in the District of Arizona, Defendant NERISSA GASKINS made telephone calls to GE Finance inquiring about the available credit line on 15 separate customer accounts, to select an account through which the conspirators should seek a bogus loan.

45. On or about November 16, 2005, Defendant NERISSA GASKINS contacted Defendant STEPHANIE RENE POWERS, by an interstate wire communication from the District of Arizona to the Middle District of North Carolina, to provide the customer identity and authentication information for the account of GE Finance customer, J. Maines, so that the account could be taken-over in order to obtain a bogus loan.

46. On or about November 16, 2005, Defendant ALFRED ANTONIO MCCANDIES made an interstate telephone call from the Middle District of North Carolina to GE Finance, in the District of New Mexico to begin the process of taking over the GE Finance account

- 18 -

of a legitimate GE Finance customer, J. Maines, in order to procure a bogus loan.

47. On or about November 17, 2005, Defendant STEPHANIE RENE POWERS made and caused to be made an interstate telephone call from the Middle District of North Carolina to GE Finance, in the District of New Mexico to further the process of taking over the GE Finance account of J. Maines, in order to procure a bogus loan.

48. On or about November 17, 2005, Defendant ALFRED ANTONIO MCCANDIES made an interstate telephone call from the Middle District of North Carolina to GE Finance, directing that $ 10,000, representing the proceeds of a new loan issued in the name of GE Finance customer J. Maines, be deposited by means of a wire transfer into Bank of America account number 002371517217. That account was in the name of Defendant ALFRED ANTONIO MCCANDIES.

49. On or about November 21, 2005, in the Middle District of North Carolina, the Defendant ALFRED ANTONIO MCCANDIES withdrew $ 9,900 cash from his account at Bank of America, which constituted $ 100 less than the full amount of a wire transfer from GE Finance deposited into Bank of America account number 002371517217 on November 21, 2005.

50. During the period between December 28, 2005, and January 4, 2006, in the District of Arizona, Defendant NERISSA GASKINS made at least sixteen separate telephone calls to GE Finance inquiring

about the status of the credit line on nine separate customer accounts.

All in violation of Title 18, United States Code, Section 371.

1.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count One of this Indictment as if fully set forth herein.

2.    During the period from in or about June, 2005, and continuously thereafter, up to and including in or about January 6, 2006, the exact dates to the Grand Jurors unknown, in the Middle District of North Carolina, and elsewhere,

> NERISSA GASKINS,
> STEPHANIE RENE POWERS,
> ALFRED ANTONIO MCCANDIES, and
> TIA DONELLE SHORE-STOKES,

defendants herein, devised and intended to devise a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, hereinbefore more particularly set forth, in Paragraph 6, of Count One, above, from GE Finance by inducing that corporation through false and fraudulent pretenses, representations, and promises to make extensions of credit on new or existing loan accounts and to wire the proceeds of the new loans to Winston-Salem, North Carolina, bank accounts under the control of the Defendants.

3.    It was the object of the scheme for the Defendants to enrich themselves by fraudulently obtaining funds belonging to GE Finance.

4. On or about July 14, 2005, in the Middle District of North Carolina,

> NERISSA GASKINS,
> STEPHANIE RENE POWERS,
> ALFRED ANTONIO MCCANDIES, and
> TIA DONELLE SHORE-STOKES

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly did cause to be transmitted by means of wire and radio communication in interstate commerce, signals and sounds, namely a telephone call placed by Defendant STEPHANIE RENE POWERS, in the Middle District of North Carolina, to GE Finance, in the District of New Mexico, finalizing the takeover of a GE Finance customer account in the name of R. McCalden, in order to procure a loan of $ 13,500 and directing that the proceeds of that loan be wire-transferred to the Winston-Salem bank account of ALFRED ANTONIO MCCANDIES;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

1. The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count Two of this Indictment as if fully set forth herein.

2. On or about July 28, 2005, in the Middle District of North Carolina,

> NERISSA GASKINS,
> STEPHANIE RENE POWERS,
> ALFRED ANTONIO MCCANDIES, and
> TIA DONELLE SHORE-STOKES

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly did cause to be transmitted by means of wire and radio communication in interstate commerce, signals and sounds, namely a telephone call placed by Defendant ALFRED ANTONIO MCCANDIES, in the Middle District of North Carolina, to GE Finance, in the District of New Mexico, finalizing the takeover of a GE Finance customer account in the name of T. McConnell, in order to procure a loan of $ 12,000 and directing that the proceeds of that loan be wire-transferred to the Winston-Salem bank account of ALFRED ANTONIO MCCANDIES;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR

1.     The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count Two of this Indictment as if fully set forth herein.

2.     On or about August 2, 2005, in the Middle District of North Carolina,

> NERISSA GASKINS,
> STEPHANIE RENE POWERS,
> ALFRED ANTONIO MCCANDIES, and
> TIA DONELLE SHORE-STOKES

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly did cause to be transmitted by means of wire and radio communication in interstate commerce, signals and sounds, namely a telephone call placed from a pay telephone, in the Middle District of North Carolina, to GE Finance, in the District of New Mexico, finalizing the takeover of a GE Finance customer account in the name of E. Stokes, in order to procure a loan of $ 14,500 and directing that the proceeds of that loan be wire-transferred to the Winston-Salem bank account of TIA DONELLE SHORE-STOKES;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

1.    The Grand Jury realleges and incorporates by reference
the allegations contained in Paragraphs 1 through 3 of Count Two of
this Indictment as if fully set forth herein.

2.    On or about September 20, 2005, in the Middle District of
North Carolina,

>            NERISSA GASKINS,
>            STEPHANIE RENE POWERS,
>            ALFRED ANTONIO MCCANDIES, and
>            TIA DONELLE SHORE-STOKES

defendants herein, for the purpose of executing the above-described
scheme and attempting to do so, knowingly did cause to be
transmitted by means of wire and radio communication in interstate
commerce, signals and sounds, namely a telephone call placed from
a pay telephone, in the Middle District of North Carolina, to GE
Finance, in the District of New Mexico, finalizing the takeover of
a GE Finance customer account in the name of G. MacDonald, in order
to procure a loan of $ 14,500 and directing that the proceeds of
that loan be wire-transferred to the Winston-Salem bank account of
TIA DONELLE SHORE-STOKES;

In violation of Title 18, United States Code, Sections 1343
and 2.

COUNT SIX

1.   The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count Two of this Indictment as if fully set forth herein.

2.   On or about November 8, 2005, in the Middle District of North Carolina,

> NERISSA GASKINS,
> STEPHANIE RENE POWERS,
> ALFRED ANTONIO MCCANDIES, and
> TIA DONELLE SHORE-STOKES

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly did cause to be transmitted by means of wire and radio communication in interstate commerce, signals and sounds, namely a telephone call placed by STEPHANIE RENE POWERS, in the Middle District of North Carolina, to GE Finance, in the District of New Mexico, finalizing the takeover of a GE Finance customer account in the name of J. McDaniel, in order to procure a loan of $ 10,000 and directing that the proceeds of that loan be wire-transferred to the Winston-Salem bank account of ALFRED ANTONIO MCCANDIES;

In violation of Title 18, United States Code, Sections 1343 and 2.

1.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count Two of this Indictment as if fully set forth herein.

2.    On or about November 17, 2005, in the Middle District of North Carolina,

> NERISSA GASKINS,
> STEPHANIE RENE POWERS,
> ALFRED ANTONIO MCCANDIES, and
> TIA DONELLE SHORE-STOKES

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly did cause to be transmitted by means of wire and radio communication in interstate commerce, signals and sounds, namely a telephone call placed by STEPHANIE RENE POWERS, in the Middle District of North Carolina, to GE Finance, in the District of New Mexico, finalizing the takeover of a GE Finance customer account in the name of J. Maines, in order to procure a loan of $ 10,000 and directing that the proceeds of that loan be wire-transferred to the Winston-Salem bank account of ALFRED ANTONIO MCCANDIES;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT EIGHT

1. The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count Two of this Indictment as if fully set forth herein.

2. During the period between September 21, 2005, and September 23, 2005, in the Middle District of North Carolina,

> NERISSA GASKINS,
> STEPHANIE RENE POWERS, and
> ALFRED ANTONIO MCCANDIES,

defendants herein, during and in relation to a felony violation of Federal law, namely, Wire Fraud, in violation of Title 18, United States Code, Section 1343, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, identification data of GE Finance customer J. Masci, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

1.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count Two of this Indictment as if fully set forth herein.

2.    During the period between November 4, 2005, and November 8, 2005, in the Middle District of North Carolina,

                    NERISSA GASKINS,
                    STEPHANIE RENE POWERS, and
                    ALFRED ANTONIO MCCANDIES,

defendants herein, during and in relation to a felony violation of Federal law, namely, Wire Fraud, in violation of Title 18, United States Code, Section 1343, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, identification data of GE Finance customer J. McDaniel, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

- 29 -

COUNT TEN

1.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count Two of this Indictment as if fully set forth herein.

2.    During the period between November 11, 2005, and November 17, 2005, in the Middle District of North Carolina,

                    NERISSA GASKINS,
                    STEPHANIE RENE POWERS, and
                    ALFRED ANTONIO MCCANDIES,

defendants herein, during and in relation to a felony violation of Federal law, namely, Wire Fraud, in violation of Title 18, United States Code, Section 1343, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, identification data of GE Finance customer J. Maines, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

-  30  -

1.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count Two of this Indictment as if fully set forth herein.

2.    During the period between December 26, 2005, and January 4, 2006, in the Middle District of North Carolina,

> NERISSA GASKINS,
> STEPHANIE RENE POWERS, and
> ALFRED ANTONIO MCCANDIES,

defendants herein, during and in relation to a felony violation of federal law, namely, Wire Fraud, in violation of Title 18, United States Code, Section 1343, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, identification data of GE Finance customer R. Craig, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

1.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count Two of this Indictment as if fully set forth herein.

2.    During the period between June 6, 2005, and January 6, 2006, in the Middle District of North Carolina,

> NERISSA GASKINS,
> STEPHANIE RENE POWERS, and
> ALFRED ANTONIO MCCANDIES,

defendants herein, knowingly and with intent to defraud, effects transactions with one or more access devices issued to other persons, to receive payment or any other thing of value during any one-year period the aggregate value of which was equal to or greater than $ 1,000, that is, approximately $ 330,000, more or less, said activity affecting interstate commerce in violation of Title  18,  United  States  Code,  Sections  1029(a)(5)  and 1029(c)(1)(A)(ii), and 2.

1.   The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count Two of this Indictment as if fully set forth herein.

2.   During the period between June 28, 2005, and June 30, 2005, in the County of Forsyth, in the Middle District of North Carolina, ALFRED ANTONIO MCCANDIES, for the purpose of evading the currency reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, knowingly and willfully did structure financial transactions with Allegacy Federal Credit Union, a domestic financial institution, by withdrawing United States currency (cash) totaling $ 13,000 in two separate transactions, each under ten thousand dollars, so as to avoid the requirement that a Currency Transaction Report be filed, in violation of Title 31, United States Code, Sections 5324(a)(3) and 5322(a).

## COUNT FOURTEEN

1.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count Two of this Indictment as if fully set forth herein.

2.    During the period between July 18, 2005, and July 19, 2005, in the County of Forsyth, in the Middle District of North Carolina, ALFRED ANTONIO MCCANDIES, for the purpose of evading the currency reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, knowingly and willfully did structure financial transactions with SunTrust Bank, a domestic financial institution, by withdrawing United States currency (cash) totaling $ 13,500 in two separate transactions, each under ten thousand dollars, so as to avoid the requirement that a Currency Transaction Report be filed, in violation of Title 31, United States Code, Sections 5324(a)(3) and 5322(a).

Case 1:06-cr-00200-WO   Document 1   Filed 05/31/06   Page 34 of 37

## COUNT FIFTEEN

1. The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count Two of this Indictment as if fully set forth herein.

2. During the period between August 1, 2005, and August 4, 2005, in the County of Forsyth, in the Middle District of North Carolina, ALFRED ANTONIO MCCANDIES, for the purpose of evading the currency reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, knowingly and willfully did structure financial transactions with SunTrust Bank, a domestic financial institution, by withdrawing United States currency (cash) totaling $ 11,993 in two separate transactions, each under ten thousand dollars, so as to avoid the requirement that a Currency Transaction Report be filed, in violation of Title 31, United States Code, Sections 5324(a)(3) and 5322(a).

COUNT SIXTEEN

1.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count Two of this Indictment as if fully set forth herein.

2.    During the period between August 4, 2005, and August 5, 2005, in the County of Forsyth, in the Middle District of North Carolina, TIA DONELLE SHORE-STOKES, for the purpose of evading the currency reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, knowingly and willfully did structure financial transactions with Bank of America, a domestic financial institution, by withdrawing United States currency (cash) totaling $ 14,500 in two separate transactions, each under ten thousand dollars, so as to avoid the requirement that a Currency Transaction Report be filed, in violation of Title 31, United States Code, Sections 5324(a)(3) and 5322(a).

## COUNT SEVENTEEN

1.    The Grand Jury realleges and incorporates by reference the allegations contained in Paragraphs 1 through 3 of Count Two of this Indictment as if fully set forth herein.

2.    During the period between December 9, 2005, and December 12, 2005, in the County of Forsyth, in the Middle District of North Carolina, ALFRED ANTONIO MCCANDIES, for the purpose of evading the currency reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, knowingly and willfully did structure financial transactions with Bank of America, a domestic financial institution, by withdrawing United States currency (cash) totaling $ 19,800 in two transactions, both under ten thousand dollars, so as to avoid the requirement that a Currency Transaction Report be filed, in violation of Title 31, United States Code, Sections 5324(a)(3) and 5322(a).

A TRUE BILL:

FOREPERSON

DOUGLAS CANNON
ASSISTANT UNITED STATES ATTORNEY

BENJAMIN H. WHITE, JR.
ACTING UNITED STATES ATTORNEY

- 37 -