IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:06CR200-3 |
| v. | : | |
| ALFRED ANTONIO McCANDIES | : | PLEA AGREEMENT |

NOW COMES the United States of America, by Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, through her assistant, Douglas Cannon, and the defendant, ALFRED ANTONIO McCANDIES, in his own person and through his attorney, William S. Trivette, and state as follows:

1. The defendant, ALFRED ANTONIO McCANDIES, is presently under Indictment in case number 1:06CR200-3, which in Count One charges him with a violation of Title 18, United States Code, Section 371, conspiracy; which in Counts Two through Seven charge him with violations of Title 18, United States Code, Section 1343, wire fraud; which in Counts Eight through Eleven charge him with violations of Title 18, United States Code, Section 1028A(a)(1), aggravated identity theft; which in Count Twelve charges him with a violation of Title 18, United States Code, Section 1029(a)(5), credit card fraud; and which in Counts Thirteen through Fifteen and Count Seventeen charge him with violations of Title 31, United States Code, Section 5324(a)(3), money structuring.

2. The defendant, ALFRED ANTONIO McCANDIES, will enter a voluntary plea of guilty to Counts One and Seventeen of the Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by him attorney.

    a. The defendant, ALFRED ANTONIO McCANDIES, understands that the maximum term of imprisonment provided by law for Counts One and Seventeen of the Indictment herein is not more than five years, and the maximum fine for Counts One and Seventeen of the Indictment is $250,000. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

    b. The defendant, ALFRED ANTONIO McCANDIES, also understands that, as to Counts One and Seventeen of the Indictment herein, the Court may include as a part of the sentence a requirement that he be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    c. The defendant, ALFRED ANTONIO McCANDIES, also understands that, as to Counts One and Seventeen of the Indictment, the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to

2

any victim of the offenses, pursuant to Title 18, United States Code, Section 3663A.

   d. The defendant, ALFRED ANTONIO McCANDIES, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory mandatory minimum and maximum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

  3. By voluntarily pleading guilty to Counts One and Seventeen of the Indictment herein, the defendant, ALFRED ANTONIO McCANDIES, as to Counts One and Seventeen of the Indictment herein, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the

3

evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, ALFRED ANTONIO McCANDIES, is going to plead guilty to Counts One and Seventeen of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, ALFRED ANTONIO McCANDIES, to Counts One and Seventeen of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant, ALFRED ANTONIO McCANDIES. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

    b. It is further understood that if the Court determines at the time of sentencing that the defendant, ALFRED ANTONIO McCANDIES, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is

4

further understood that the Court is not bound by this recommendation.

6. It is further understood that the United States and the defendant, ALFRED ANTONIO McCANDIES, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, ALFRED ANTONIO McCANDIES, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be

entered into unless executed in writing and signed by all the parties.

This the  3  day of ~~July~~ Aug, 2006.


ANNA MILLS WAGONER
United States Attorney

/s/ Douglas Cannon
~~DOUGLAS~~ CANNON
NCSB #8604
Assistant United States Attorney

P. O. Box 1858
Greensboro, NC 27402

336/333-5351

/s/ William Trivette
~~MILTON BAYS SHOAF~~
Attorney for Defendant


/s/ Alfred Antonio McCandies
ALFRED ANTONIO McCANDIES
Defendant