ENTERED ON DOCKET
R. 55
NOV 28 2006
BY _____

# United States District Court
## Middle District of North Carolina

UNITED STATES OF AMERICA

v.

ALFRED ANTONIO MCCANDIES

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:06CR200-3

USM Number: 23294-057

Date of Original Judgment: *November 1, 2006

Reason for Amendment: Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

FILED JAN 29 2007 Clerk, U.S. Greensboro, N.C.

FILED NOV 28 2006

_____
Defendant's Attorney
William S. Frivette,
Assistant Federal Public Defender

**THE DEFENDANT:**

☒ pleaded guilty to counts 1 and 17

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:371 | Conspiracy: wire fraud, identity fraud, credit card fraud & evading currency reporting requirements | 01/06/2006 | 1 |
| 31:5324(a)(3) | Structured Transactions to Evade Reporting requirements | 12/12/2005 | 17 |

RECEIVED UNITED STATES MARSHAL 06 NOV 28 PM 4:18 MIDDLE DIST. OF NC GREENSBORO

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Counts 2 through 15 are dismissed upon the motion of the defendant without objection of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

*November 24, 2006
Date of Imposition of Judgment

A True Copy
Teste:
John S. Brubaker, Clerk
By: _____
Deputy Clerk

_____
Signature of Judicial Officer

William L. Osteen, United States District Judge
Name & Title of Judicial Officer

November 28, 2006
Date

DEFENDANT: ALFRED ANTONIO MCCANDIES
CASE NUMBER: 1:06CR200-3

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Twenty-Six (26) months.**

[Twenty-Six (26) months as to count 1 and Twenty-Six (26) months as to count 17, to run concurrently]

☒ The court makes the following recommendations to the Bureau of Prisons: *that the defendant be assigned to an institution where he can receive drug treatment, drug rehabilitation, and drug education.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ am/pm on _____ .

    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ At 12:00 noon on January 10, 2007.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on __1-24-07__ to __FCI Edgefield__ at __Edgefield SC__, with a certified copy of this judgment.

                                                                        John J LaManna, Warden
                                                                        ~~UNITED STATES MARSHAL~~

BY    Kellmeade, ISO
                ~~DEPUTY US MARSHAL~~

DEFENDANT:        ALFRED ANTONIO MCCANDIES
CASE NUMBER:      1:06CR200-3

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**.

**[Three (3) years as to count 1 and Three (3) years as to count 17, to run concurrently]**

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable).

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

    If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ALFRED ANTONIO MCCANDIES
CASE NUMBER: 1:06CR200-3

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to substance abuse testing, at anytime, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing or inpatient/residential treatment, and pay for treatment services, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

The defendant shall provide any requested financial information to the probation officer.

The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall notify the Court of any material change in economic circumstances that might affect his or her ability to pay restitutions, fines or special assessment.

DEFENDANT: ALFRED ANTONIO MCCANDIES
CASE NUMBER: 1:06CR200-3

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties under the Schedule of Payments sheet.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $ 200.00 | $ | $ 215,831.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| Concord Servicing Corporation | $215,831.00 | $215,831.00 | |
| **Totals:** | $ 215,831.00 | $ 215,831.00 | |

☐ Restitution amount ordered pursuant to plea agreement:     $

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the    ☐ fine and/or    ☐ restitution.

　　☐ the interest requirement for the    ☐ fine and/or    ☐ restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 24, 1996.

DEFENDANT: ALFRED ANTONIO MCCANDIES
CASE NUMBER: 1:06CR200-3

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $ 200.00 due immediately

  ☐ not later than _____ , or

  ☒ in accordance with ☐ C, ☒ D or, ☐ E below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐ Payment in _____ (equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☒ Payment in monthly installments of $ 100.00, to commence 60 days after release from imprisonment to a term of supervision and every 30 days thereafter while on supervised release or until paid in full.

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

**The special assessment in the amount of $200.00 is due and payable immediately at such times and in such amounts as directed by the Federal Bureau of Prisons through the Inmate Financial Responsibility Program.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, P. O. Box 2708, Greensboro, NC 27402, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒   Joint and Several

  Defendant Name, Case Number, and Joint and Several Amount:

  Nerissa Gaskins, 1:06CR200-1, $308,180.00
  Stephanie Rene Powers, 1:06CR200-2, $285,680.00
  Tia Donelle Shore-Stokes, 1:06CR200-3, $78,849.00

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.